[29 NE3d 230, 6 NYS3d 221]

EKATERINA SCHOENEFELD, Respondent, v STATE OF NEW YORK et al., Defendants, and ERIC T. SCHNEIDERMAN, as Attorney General for the State of New York, et al., Appellants.

Argued February 17, 2015; decided March 31, 2015

## POINTS OF COUNSEL

*Eric T. Schneiderman, Attorney General*, Albany (*Laura Etlinger, Barbara D. Underwood* and *Andrea Oser* of counsel), for appellants. The rule of constitutional avoidance calls for a narrow reading of Judiciary Law § 470. (*Overstock.com, Inc. v New York State Dept. of Taxation & Fin.*, 20 NY3d 586; *Matthews v Matthews*, 240 NY 28; *People ex rel. Simpson v Wells*, 181 NY 252; *People v Correa*, 15 NY3d 213; *People v Finkelstein*, 9 NY2d 342; *Barnard v Thorstenn*, 489 US 546; *Supreme Court of N. H. v Piper*, 470 US 274; *Supreme Court of Va. v Friedman*, 487 US 59; *Frazier v Heebe*, 482 US 641; *Lichtenstein v Emerson*, 251 AD2d 64.)

*Ekaterina Schoenefeld*, Princeton, New Jersey, respondent pro se. I. The rule of constitutional avoidance cannot save Judiciary Law § 470 because the term "office for the transaction of law business" cannot be reasonably construed as meaning merely "an address" or "designating an agent" for service of legal papers. (*Matthews v Matthews*, 240 NY 28; *People v Correa*, 15 NY3d 213; *People ex rel. Simpson v Wells*, 181 NY 252; *New Lamp Chimney Co. v Ansonia Brass & Copper Co.*, 91 US 656; *Bull v New York City Ry. Co.*, 192 NY 361; *Matter of Gordon*, 48 NY2d 266; *Matter of Wood v Irving*, 85 NY2d 238; *Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y.*, 86 NY2d 198; *Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669; *Matter of Carpenter v Chapman*, 276 App Div 634.) II. The rule of constitutional avoidance cannot save Judiciary Law § 470 because it is an obsolete relic of the residency requirement that had been long held unconstitutional. (*Matter of Gordon*, 48 NY2d 266; *Matter of Tang*, 39 AD2d 357; *Park Lane Commercial Corp. v Travelers Indem. Co.*, 50 Misc 2d 231; *Matter of Fordan*, 5 Misc 2d 372; *United States v Raines*, 362 US 17.) III. The New York courts have thus far construed the term "office for the transaction of law business" of Judiciary Law § 470 to require nothing less than an actual, physical space maintained for the purpose of practicing law in the State. (*Matter of Haas*, 237 AD2d 729; *Empire HealthChoice Assur., Inc. v Lester*, 81 AD3d 570; *Kinder Morgan Energy Partners, LP v Ace Am. Ins. Co.*, 51 AD3d 580;

*Neal v Energy Transp. Group*, 296 AD2d 339; *Cheshire Academy v Lee*, 112 Misc 2d 1076; *Matter of Tang*, 39 AD2d 357; *Matter of Larsen*, 182 AD2d 149; *Marte v Graber*, 17 Misc 3d 1139[A], 2007 NY Slip Op 52348[U]; *Austria v Shaw*, 143 Misc 2d 970; *Matter of Scarsella*, 195 AD2d 513.) IV. The Committee on Professional Standards, Third Department, has thus far interpreted Judiciary Law § 470 as requiring nonresident attorneys to maintain an actual law office in the State. (*Matthews v Matthews*, 240 NY 28; *Matter of Wood v Irving*, 85 NY2d 238.) V. Rewriting the statute, as defendants propose, will not preserve its constitutionality under the Privileges and Immunities Clause. (*Supreme Court of Va. v Friedman*, 487 US 59; *White Riv. Paper Co. v Ashmont Tissue*, 110 Misc 2d 373; *Supreme Court of N. H. v Piper*, 470 US 274; *Bach v Pataki*, 408 F3d 75; *Walkes v Benoit*, 257 AD2d 508; *City of New York v Miller*, 72 AD3d 726; *Matter of Gordon*, 48 NY2d 266; *Matter of Wood v Irving*, 85 NY2d 238; *Matter of Haas*, 237 AD2d 729.) VI. In the alternative, should the Court decide that it can read Judiciary Law § 470 in such a way as it can be saved, the Court could reasonably interpret it as requiring nonresident attorneys to provide an "email address" and to accept service of papers by electronic means. (*Matter of Tang*, 39 AD2d 357.)

*Meghan Boone, Institute for Public Representation, Georgetown University Law Center*, Washington, D.C., for Michael H. Ansell and others, amici curiae. I. Judiciary Law § 470 should be interpreted according to its plain meaning, which contemplates a physical office location. (*People v Finnegan*, 85 NY2d 53; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577; *Caminetti v United States*, 242 US 470.) II. The State's interpretation of Judiciary Law § 470 creates surplusage and should be disregarded. (*Astoria Fed. Sav. & Loan Assn. v Solimino*, 501 US 104; *Corley v United States*, 556 US 303.) III. The State's interpretation of Judiciary Law § 470 contradicts New York case law. (*Marte v Graber*, 17 Misc 3d 1139[A], 2007 NY Slip Op 52348[U].) IV. Other states have interpreted the term "office" to mean an operational physical location. (*Frazier v Heebe*, 482 US 641; *Matter of Frazier*, 594 F Supp 1173; *Tolchin v Supreme Ct. of the State of N.J.*, 111 F3d 1099.)

*Ronald B. McGuire*, New York City, amicus curiae. I. Judiciary Law § 470 became facially unconstitutional when this Court decided *Matter of Gordon* (48 NY2d 266 [1979]). (*White Riv. Paper Co. v Ashmont Tissue*, 110 Misc 2d 373.) II. The ad hoc approach taken by most New York courts interpreting the

law office requirement of Judiciary Law § 470 failed to produce consistent or coherent results. (*Lichtenstein v Emerson*, 171 Misc 2d 933, 251 AD2d 64; *Austria v Shaw*, 143 Misc 2d 970; *Rosenshein v Ernstoff*, 176 AD2d 686; *Matter of Scarsella*, 195 AD2d 513; *Matter of Kaur v New York State Urban Dev. Corp.*, 15 NY3d 235; *Foss v City of Rochester*, 65 NY2d 247.) III. Revolutionary developments in communications and transportation technology are redefining the meaning of a "law office" in ways that cannot be addressed by any construction of the language of Judiciary Law § 470. (*International Shoe Co. v Washington*, 326 US 310.) IV. The Court should not rely on an outmoded statute to fashion a modern practice requirement for nonresident attorneys. (*Matter of Wood v Irving*, 85 NY2d 238; *Matter of Scarsella*, 195 AD2d 513; *Rosenshein v Ernstoff*, 176 AD2d 686; *Austria v Shaw*, 143 Misc 2d 970.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

In this case, the United States Court of Appeals for the Second Circuit has asked us to set forth the minimum requirements necessary to satisfy the statutory directive that nonresident attorneys maintain an office within the State "for the transaction of law business" under Judiciary Law § 470. We hold that the statute requires nonresident attorneys to maintain a physical office in New York.

Plaintiff Ekaterina Schoenefeld is a New Jersey resident who was admitted to the practice of law in New York in 2006. Schoenefeld is also admitted to practice in New Jersey and maintains her only law office in Princeton. According to the complaint, in 2007, Schoenefeld attended a continuing legal education class entitled *Starting Your Own Practice*, which was offered by the New York State Bar Association in New York City. There, she learned of the statutory requirement that nonresident attorneys must maintain an office within New York in order to practice in this State. Specifically, under Judiciary Law § 470, "[a] person, regularly admitted to practice as an attorney and counsellor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or counsellor, although he resides in an adjoining state."

Schoenefeld commenced this action in federal district court in July 2008, alleging that Judiciary Law § 470 was unconstitutional on its face and as applied to nonresident attorneys in

violation of the Privileges and Immunities Clause of the United States Constitution (US Const, art IV, § 2).[1] She alleged that she was unable to practice in the State, despite her compliance with all admission requirements, because she does not maintain an office in New York. She further maintained that there was no substantial state interest served by the office requirement, which was not applicable to New York resident attorneys.

The district court granted plaintiff's motion for summary judgment and held that section 470 violated the Privileges and Immunities Clause (*see Schoenefeld v New York*, 907 F Supp 2d 252, 266 [ND NY 2011]). The court determined that the office requirement implicated nonresident attorneys' fundamental right to practice law. The court then rejected the state interests proffered by defendants as insubstantial and found that, in any event, the statute did not bear a substantial relationship to the interests asserted as there were less restrictive means of accomplishing those interests.

The Second Circuit determined that the constitutionality of the statute was dependent upon the interpretation of the law office requirement (*see Schoenefeld v New York*, 748 F3d 464, 467 [2d Cir 2014]). The court observed that the requirements that must be met by nonresident attorneys in order to practice law in New York reflect an important state interest and implicate significant policy issues. The court therefore certified the following question for our review: "Under New York Judiciary Law § 470, which mandates that a nonresident attorney maintain an 'office for the transaction of law business' within the state of New York, what are the minimum requirements necessary to satisfy that mandate?" (*Schoenefeld*, 748 F3d at 471). We accepted certification (23 NY3d 941 [2014]) and, as noted above, we interpret the statute as requiring nonresident attorneys to maintain a physical law office within the State.

It is well settled that, where the language of a statute is clear, it should be construed according to its plain terms (*see Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 107 [1997]). We have also held that "no rule of construction gives the court

---

1. This action was initially commenced in the Southern District of New York. That court granted defendants' motion to transfer venue to the Northern District. The Northern District then granted, in part, defendants' motion to dismiss the amended complaint by dismissing the action as against certain named defendants and by dismissing plaintiff's Commerce Clause and equal protection claims.

discretion to declare the intent of the law when the words are unequivocal" (*Raritan*, 91 NY2d at 107 [internal quotation marks, citation and emphasis omitted]).

Here, the statute appears to presuppose a residency requirement for the practice of law in New York State. It then makes an exception, by allowing nonresident attorneys to practice law if they keep an "office for the transaction of law business" in this State.[2] By its plain terms, then, the statute requires nonresident attorneys practicing in New York to maintain a physical law office here.

However, recognizing that there may be a constitutional flaw if the statute is interpreted as written, defendants urge us to construe the statute narrowly in accordance with the doctrine of constitutional avoidance (*see Overstock.com, Inc. v New York State Dept. of Taxation & Fin.*, 20 NY3d 586, 593 [2013] ["courts must avoid, if possible, interpreting a presumptively valid statute in a way that will needlessly render it unconstitutional"]). In particular, they suggest that the provision can be read merely to require nonresident attorneys to have some type of physical presence for the receipt of service—either an address or the appointment of an agent within the State. They maintain that interpreting the statute in this way would generally fulfill the legislative purpose and would ultimately withstand constitutional scrutiny.

The statute itself is silent regarding the issue of service. When the statute was initially enacted in 1862, however, it did contain a service provision. At that time, it essentially required that an attorney who maintained an office in New York, but lived in an adjoining state, could practice in this State's courts and that service, which could ordinarily be made upon a New York attorney at his residence, could be made upon the nonresident attorney through mail addressed to his office (*see* L 1862, ch 43). Upon the enactment of the Code of Civil Procedure in 1877, the provision was codified at section 60 of the Code. In 1909, the provision was divided into two parts—a service provision, which remained at section 60 of the Code, and a law office requirement, which became section 470 of the Judiciary

---

2. The Appellate Division departments have not limited the application of the statute to residents of adjoining states, but have applied it to nonresident attorneys in general (*see e.g. Lichtenstein v Emerson*, 251 AD2d 64 [1st Dept 1998]; *Matter of Haas*, 237 AD2d 729 [3d Dept 1997]). We accept that interpretation, which is not contested by the parties, for the purposes of this certified question.

Law. Notably, after we invalidated a New York residency requirement for attorneys in *Matter of Gordon* (48 NY2d 266 [1979]) the legislature amended several provisions of the Judiciary Law and the CPLR to conform to that holding (L 1985, ch 226). Section 470, however, was not one of the provisions amended and has remained virtually unchanged since 1909.

Even assuming the service requirement had not been expressly severed from the statute, it would be difficult to interpret the office requirement as defendants suggest. As the Second Circuit pointed out, even if one wanted to interpret the term "office" loosely to mean someplace that an attorney can receive service, the additional phrase "for the transaction of law business" makes this interpretation much less plausible. Indeed, the Appellate Division departments have generally interpreted the statute as requiring a nonresident attorney to maintain a physical office space (*see Lichtenstein*, 251 AD2d 64; *Haas*, 237 AD2d 729; *Matter of Larsen*, 182 AD2d 149 [2d Dept 1992]). Defendants' proffered interpretation, on the other hand, finds no support in the wording of the provision and would require us to take the impermissible step of rewriting the statute (*see Matter of Wood v Irving*, 85 NY2d 238, 245 [1995]).

The State does have an interest in ensuring that personal service can be accomplished on nonresident attorneys admitted to practice here. However, it is clear that service on an out-of-state individual presented many more logistical difficulties in 1862, when the provision was originally enacted. The CPLR currently authorizes several means of service upon a nonresident attorney, including mail, overnight delivery, fax and (where permitted) email (*see* CPLR 2103 [b]). Under our own Court rules, the admission of attorneys who neither reside nor have full-time employment in the State is conditioned upon designating the clerk of the Appellate Division in their department of admission as their agent for the service of process for actions or proceedings brought against them relating to legal services offered or rendered (*see* Rules of Ct of Appeals [22 NYCRR] § 520.13 [a]). Therefore, there would appear to be adequate measures in place relating to service upon nonresident attorneys and, of course, the legislature always remains free to take any additional action deemed necessary.

Accordingly, the certified question should be answered in accordance with this opinion.

Judges READ, PIGOTT, RIVERA, ABDUS-SALAAM and FAHEY concur; Judge STEIN taking no part.

Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.27 of this Court's Rules of Practice, and after hearing argument by counsel for the parties and consideration of the briefs and record submitted, certified question answered in accordance with the opinion herein.